ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LA RHONDA GAIL CRAWFORD, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 92-40005-JAR** |
| | ) | **05-3057-JAR** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Defendant/Petitioner.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER DENYING MOTION

Defendant/Petitioner La Rhonda Gail Crawford filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  (Doc. 128.)  In the motion, Crawford maintains that her sentence should be vacated as unconstitutional in light of the Supreme Court's decision in *United States v. Booker*,[1] which struck down the mandatory nature of the Federal Sentencing Guidelines (Guidelines) as incompatible with the Sixth Amendment.  The Government did not file a response to Crawford's motion. This Court denies the motion because it is an unauthorized second or successive motion under section 2255.

## I.  Procedural Background

Petitioner pleaded guilty to one count of a two-count Indictment charging her with possession with the intent to distribute in excess of eight kilograms of cocaine.  On October 2, 1992, Judge Dale E.

---

[1] 125 S. Ct. 738, 2005 WL 50108 (2005).

Saffels[2] sentenced petitioner to 240 months of imprisonment, (Doc. 71, 74), which represented the statutory minimum sentence allowable pursuant to the recidivist provision in 21 U.S.C. § 841(b)(1)(A). Petitioner directly appealed her conviction to the Tenth Circuit Court of Appeals. Her appeal was denied on August 6, 1993. (Doc. 90.)

Petitioner filed her first motion under 28 U.S.C. § 2255 on March 1, 1997, claiming ineffective assistance of counsel, and an incorrect sentence calculation under the Guidelines. (Doc. 119.) The Court denied the motion on November 5, 1997. (Doc. 111.) Petitioner attempted to appeal the denial of her section 2255 motion, which was construed by the Tenth Circuit as motion for a certificate of appealability. After finding that petitioner was not entitled to a certificate of appealability, the Tenth Circuit dismissed her appeal. (Doc. 126.) Petitioner now seeks review of her sentence under 28 U.S.C. section 2255 for a second time, claiming that she received unlawful enhancements to her sentence under *United States v. Booker*.[3]

## II.  Motion to Review Sentence

Prior to *Booker*, the Tenth Circuit held that *United States v. Blakely*,[4] the precursor to *Booker*, did not apply to cases on collateral review.[5] The Tenth Circuit has recently conducted the

---

[2]  This matter has been assigned to the undersigned Judge because the Honorable Dale E. Saffels, who sentenced Davis, is now deceased.

[3]  Because petitioner filed her petition for habeas relief after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the AEDPA applies to his petition. *See generally Woodford v. Garceau*, 538 U.S. 202, 205-06 (2003); *Lindh v. Murphy*, 521 U.S. 320 (1997).

[4]  124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[5]  *Leonard v. United States*, 383 F.3d 1146, 1147-48 (10th Cir. 2004); *United States v. Price*, No. 04-7058, 2004 WL 2905381, *4 -5 (10th Cir. Dec. 16, 2004); *cf. United States v. Leonard*, No. 04-6197, 2005 WL 139183, *2 (10th Cir. Jan. 24, 2005) ("New rules of criminal procedure, however, are applied retroactively only to cases pending on direct

necessary constitutional analysis and determined that *Blakely* does not apply retroactively to initial

motions under 28 U.S.C. § 2255, despite the Supreme Court's holding in *Booker*.[6]  Other circuits have

similarly held that *Booker* does not apply to cases on collateral review.[7]

Moreover, paragraph 8 of section 2255 provides:

> A second or successive motion must be certified as provided in
> section 2244 by a panel of the appropriate court of appeals to contain–
> (1) newly discovered evidence . . .; or
> (2) a new rule of constitutional law, made retroactive to
> cases on collateral review by the Supreme Court, that
> was previously unavailable.[8]

Section 2244 provides, "[b]efore a second or successive application permitted by this section is filed in

the district court, the applicant shall move in the appropriate court of appeals for an order authorizing

the district court to consider the application."[9]  The Court construes petitioner's instant motion as an

unauthorized successive motion under 28 U.S.C. § 2255, as it is her second section 2255 motion.  As

such, the motion should be transferred to the Tenth Circuit Court of Appeals in the interest of justice

---

review or cases that are not yet final. . . . Thus, *Blakely*, as well as the Supreme Court's more recent decision in
*United States v. Booker* . . . have no applicability to Leonard's sentence.").

[6] *United States v. Price*, 400 F.3d 844, 848-49 (10th Cir. 2005).  The Tenth Circuit has recently denied
certification for successive § 2255 motions because "the rule announced in *Booker* is not retroactive," therefore it
does not satisfy the requirement for a valid successive motion.  *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir.
2005); *United States v. Lucero*, No. 04-2131, 2005 WL 388731, at *2 (10th Cir. Feb. 18, 2005).

[7] *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 867-
68 (11th Cir. 2005);  *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).  The rule has also been applied to
second or successive motions. *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); In re *Anderson*, 396 F.3d 1336,
1339-40 (11th Cir. 2005).

[8] 28 U.S.C. § 2255.

[9] 28 U.S.C. § 2244(b)(3)(A).

pursuant to 28 U.S.C. § 1631.[10]

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's motion is **transferred to the Tenth Circuit Court of Appeals** pursuant to 28 U.S.C. § 1631.

IT IS SO ORDERED.

Dated this <u>16th</u> day of May 2005.

<u>    S/ Julie A. Robinson          </u>
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**

---

[10] *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).

4